IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:21-CV-4-FL

| | |
|---|---|
| ARCH INSURANCE COMPANY, AS SUBROGEE OF COX SCHEPP/AP ATLANTIC JV, LLC, COX & SCHEPP, INC., AND AP ATLANTIC, INC. D/B/A ADOLFSON & PETERSON CONSTRUCTION,<br><br>CLAIMANT,<br><br>vs.<br><br>STARR SURPLUS LINES INSURANCE COMPANY,<br><br>DEFENDANT. | **ORDER ON MOTION TO SEAL DOCUMENT** |

Before the Court is Defendant STARR SURPLUS LINES INSURANCE COMPANY's ("Starr") Unopposed Motion for Leave to Seal a Settlement Agreement and Mutual Release pled in defense to the Amended Complaint and marked as Exhibit E to its Answer and Defenses and to publicly file a redacted version of its Answer and Defenses narrowly tailored to remove references to the Settlement Agreement and Mutual Release ("Agreement") [DE 29].

The Agreement contains a Confidentiality provision whereby Cox Schepp/AP Atlantic JV, LLC, Cox & Schepp, Inc., and AP Atlantic, Inc. d/b/a Adolfson & Peterson Construction, who are alleged to be Plaintiff's subrogees, and Starr agreed to keep the terms of the Agreement confidential. As consideration for entering into the Agreement, the parties agreed on a confidentiality provision that prevents either party from disclosing any information concerning the terms of the Agreement to anyone, except to its employees, officers, directors, insurers and prospective insurers, counsel, parents, subsidiaries, sureties, or affiliates of each Party who have a right to know under any applicable law or who have a legitimate reason to know; to comply with the Internal Revenue Code; disclosure required by court order or subpoena; and, disclosure made

after the written consent thereto is obtained from the other Parties. The terms of the Settlement Agreement discern no significant public interest and are of the nature of material that courts routinely allow to be filed under seal. The Court therefore finds that it is appropriate to enter an order sealing the previously filed Answer and Defenses [DE 28]. In order to minimize concerns relating to public access, the Court accepts the redacted version of the Answer and Defenses attached to Defendant's Memorandum of Law [DE 30-1].

The Court has come to this conclusion mindful of the factors set forth in *Stone v. University of Maryland Medical System Corp.*, 855 F.2d. 178, (4 th Cir. 1988); *see also, Ashcraft v. Cononco, Inc*. 218 F.3d 288, 302 (4th Cir. 2000), which mandates that before entering an order to seal documents, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decisions to seal the documents."

Docketing the motion to seal reasonably in advance of deciding the issue is sufficient to meet the public notice requirement. *Ashcraft; In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Additionally, by allowing Starr to file a redacted version of the Answer and Defenses, the sealing of documents is less drastic. Lastly, the Court concurs with *Agdata v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 82647 (W.D. N.C. 2013), that the confidential nature of the Settlement Agreement, and any reference to the confidential terms of the Settlement Agreement, outweighs the public's right to access this document.

This Court finds that Starr has complied satisfied the standard set forth in *Stone* by publicly filing contemporaneously with this motion a redacted version of the Answer and Defenses narrowly tailored to remove the confidential reference to the Agreement. For these reasons, and for good cause shown, the Defendant's Motion for Leave to seal the previously filed Answer [DE

29] is GRANTED.

IT IS FURTHER ORDERED that the Clerk is directed to seal the previously filed, unredacted version of Defendant's Answer and Defenses [DE 28] and Exhibit E to the Answer and Defenses [DE 28-5], and that those documents shall remain SEALED until further order of this Court.

SO ORDERED, this 28 day of October, 2021.

_____
HON. LOUISE W. FLANAGAN
UNITED STATES DISTRICT COURT JUDGE